(Decided 22nd June, 1887.)

---

## James R. Clark *vs.* Charles Debaugh.

*Deed of Partition—Construction—Reservation of Water-right.*

The owner of a mill and the owner of a tract of land adjoining, through which the mill race flowed, claimed title under a deed of partition which reserved to the then owner of the mill, the entire water-right as then enjoyed by the mill, with free ingress and

Clark *vs.* Debaugh.

egress for the repairs of the dam and race, and a sufficiency of earth for said repairs. Suit was brought by the owner of the mill to recover damages for injuries to the banks and to the race, alleged to have been caused by the cattle of the owner of the adjoining tract of land, while standing in and crossing the race. HELD:

That the parties to the suit were entitled to the same rights as enjoyed by those under whom they respectively claimed, at the time the deed of partition was executed, the plaintiff to the entire water-right, and the defendant to drive his cattle across the race, or to suffer them to stand in it.

APPEAL from the Circuit Court for Baltimore County.

The case is stated in the opinion of the Court. The insertion of the prayers is deemed unnecessary.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, and BRYAN, J.

*John C. King,* for the appellant.

*David G. McIntosh,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The appellant is the owner of a mill known as the "Rockland Factory," and the appellee is in the possession of a tract of land adjoining, through which the mill-race flows. Both parties claim title under a deed of partition between William F. Johnson, and William Tagart and wife, dated 24th of September, 1842, by which Johnson conveyed to Ann, the wife of William Tagart, that portion of the estate lying east of the turnpike road, reserving, however, to the said Johnson, "*the entire water-right* as then enjoyed by the Rockland Factory, with free ingress and egress for the repairs of the dam and race, and a sufficiency of earth for said repairs." The larger part of the tract of land thus conveyed to Ann Tagart lies on the east

side of the race, the dwelling-house and farm being on the west side. A meadow of about ten acres lies on the east side, and the appellee's cattle, while grazing in the meadow, have free access to the race, and on being driven to the barn are obliged to cross it.

This suit is brought to recover damages for injuries to the banks and to the race, alleged to have been caused by the appellee's cattle while standing in and crossing the race.

There can be no difficulty whatever in regard to the rights of the respective parties under the deed of partition, nor in regard to the principles of law applicable to the case. As owner of "the Rockland Mill," the appellant is entitled to the entire water-right as enjoyed by the owners of the mill at the time the deed of partition was executed. And if the appellee drove, or permitted his cattle to be driven across, or suffered them to stand in the race, in a manner other than was permitted and enjoyed by the parties under whom he claims, at or before the date of the deed of partition, in consequence of which the banks of the race were injured, or the natural flow of the water was thereby impeded, then under such circumstances, the plaintiff was entitled to recover. On the other hand, if the race was used by the defendant's cattle in the same way and manner as it was used when the deed of partition was executed, then the plaintiff was not entitled to recover. And so the Court instructed the jury. It was after all a question of fact, in regard to which the evidence was somewhat conflicting, but which was fairly submitted, under proper instructions of the Court, to the finding of the jury. We see no error therefore either in the prayers granted or those refused by the Court.

The objection to the defendant's fourth prayer on the ground that there was no evidence to support it, is one which was not made in the Court below, and for that reason cannot be considered here. If, however, the objec-

tion had been made, there was evidence, we think, in the testimony of the witness Cowlin sufficient to submit the question to the jury.

*Judgment affirmed.*

(Decided 22nd June, 1887.)